# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DONALD THELEN,

    Plaintiff,

v.                                Case No.

UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT FOR MEDICAL MALPRACTICE AND DAMAGES

COMES NOW Plaintiff Donald Thelen, by and through his attorneys, FINE LAW FIRM (Joseph M. Fine and Charlotte L. Itoh) and for his Complaint against Defendant states as follows:

### *JURISDICTION AND VENUE*

**1.** This Court has jurisdiction over the subject matter and parties to this action pursuant to the jurisdiction conferred upon it by 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b)(1).

**2.** Venue is proper in this district because Plaintiff is a resident of New Mexico, and all of the acts complained of occurred in New Mexico. Plaintiff's cause of action arose in New Mexico.

**3.** Plaintiff submitted an administrative claim for the claims set forth below to the U.S. Department of Veterans Affairs, which acknowledged receipt of the claim.

**4.** Plaintiff's administrative claim was not disposed within six (6) months of submission, and so the claim is deemed denied pursuant to 28 U.S.C. § 2675(a).

### *PARTIES*

**5.** At material times, Plaintiff was a resident of New Mexico.

6.      At all times relevant to the Complaint, the Raymond G. Murphy Medical Center was providing services to qualified military veterans in Albuquerque, New Mexico.

7.      At all times relevant to the Complaint, Dr. Michael Crabtree, M.D., was an employee of the New Mexico Veterans Affairs Healthcare System, of which Raymond G. Murphy VA Medical Center is a part.

8.      The United States of America is the proper party to be sued under the Federal Tort Claims Act.

## FACTUAL ALLEGATIONS

9.      On March 3, 2017, Dr. Michael Crabtree attempted a trial procedure regarding a spinal cord stimulator. Dr. Crabtree encountered a substantial amount of difficulty regarding the procedure. Dr. Crabtree did not request a CT scan or an MRI to determine whether the procedure was feasible.

10.     On April 14, 2017, Dr. Crabtree attempted the permanent procedure and encountered a great deal of difficulty in performing the procedure.

11.     During the permanent procedure a significant obstruction was encountered and the procedure was altered.

12.     After the procedure, the Plaintiff experienced difficulty; however, Dr. Crabtree sent the Plaintiff home.

13.     The Plaintiff returned to the VA Hospital on April 15, 2017, with severe symptoms, and diagnostic studies strongly suggested a hematoma.

14.     At this time, Mr. Thelen has serious neurological deficits and has difficulty walking as a result of the hematoma, which probably resulted in nerve root compression.

### COUNT I - MEDICAL NEGLIGENCE

15. In undertaking the care and treatment of the Plaintiff, the medical staff at the VA Hospital, including Dr. Crabtree, were under the duty to possess and apply the knowledge and use the skill and care that are ordinarily used by a reasonably well-qualified and trained medical staff.

16. The duly authorized agents and employees of the VA Hospital, while acting within the scope of their authority, were negligent in departing from the standard of knowledge, skill and care of a reasonably well-qualified and trained medical staff and were negligent in treating Plaintiff. Such negligence includes, but is not limited to, recommending this procedure to this patient; attempting the trial procedure and permanent procedure without the benefit of a CT scan or MRI; attempting the permanent procedure after the trial procedure indicated severe difficulty; attempting the permanent procedure without an MRI which should have been performed in light of the difficult trial procedure; inappropriately releasing the Plaintiff from the hospital; unreasonably delaying the explant; and not obtaining informed consent.

17. As a result of the negligence of the agents and employees of the VA Hospital, Plaintiff experienced medical problems which have required medical treatment and caused Plaintiff significant damages including, but not limited to, medical expenses, pain and suffering, emotional distress, a permanent body impairment, loss of enjoyment of life and lost wages.

18. Under the concepts of *respondeat superior* and/or ostensible agency, Defendant is responsible for the negligent conduct of its duly authorized agents and employees.

WHEREFORE, Plaintiff respectfully requests that this Court award his damages, costs, pre-judgment interest, post-judgment interest and any such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        */s/ Joseph M. Fine*
        Joseph M. Fine
        Charlotte L. Itoh
        Fine Law Firm
        220 Ninth Street NW
        Albuquerque, New Mexico 87102
        Telephone: (505) 243-4541
        Facsimile: (505) 242-2716